Elliot Rosenberger (Cal. Bar No. 298837)
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674
er@biletskyrosenberger.com
jb@biletskyrosenberger.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alisha Pilato, | ) Case No. 2:18-cv-3219 |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | ) |
| GC Services, LP, | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. Plaintiff Alisha Pilato ("Plaintiff") brings this action against Defendant GC Services, LP ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v.*

Complaint - 2

*Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

7. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

8. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

9. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

10. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

11. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

12. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael,* 681 F.3d 1097, 1100 (9th Cir. 2012).

14. Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

15. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

16. "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

## PARTIES

17. Plaintiff is a natural person who at all relevant times resided in the State of California, County of Los Angeles, and City of San Pedro.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

22. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a student loan (the "Debt").

23. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

24. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

25. On or before September 21, 2017, Plaintiff contacted Defendant and requested documentation verifying the Debt.

26. After Plaintiff had contacted Defendant, Defendant sent Plaintiff a letter dated September 21, 2017.

27. A true and correct copy of Defendant's September 21, 2017 letter is attached to this complaint as Exhibit A.

28. Defendant's September 21, 2017 letter identified the balance of the Debt as $25,845.96.

29. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated September 24, 2017.

30. A true and correct copy of Defendant's September 24, 2017 letter is attached to this complaint as Exhibit B.

31. Defendant's September 24, 2017 letter stated on the bottom of the page that:

> *\* Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.*

Exhibit B.

32. Defendant's September 24, 2017 letter identified the balance of the Debt as $25,845.96. *Id.*

33. The amounts identified on Defendant's September 24, 2017 letter and Defendant's September 21, 2017 letter are the same despite the communications being sent on different days. *Compare* Exhibit A, *with* Exhibit B.

34.  Plaintiff, or the least sophisticated consumer, upon reading Defendant's September 24, 2017 letter and its Response would reasonably believe that the Debt was not accruing interest.

35.  On September 25, 2017, Plaintiff contacted Defendant and again requested documentation verifying the debt.

36.  On September 27, 2017, Defendant sent Plaintiff a letter.

37.  A true and correct copy of Defendant's September 27, 2017 letter is attached to this complaint as Exhibit C.

38.  Defendant's September 27, 2017 letter identified the balance of the Debt as $25,849.37. *Id.*

39.  The Debt's balance increased in the amount due from $25,845.96 to $25,849.37. *Compare* Exhibit A, *and* Exhibit B, *with* Exhibit C.

40.  Plaintiff, or the least sophisticated consumer, upon reading the September 27, 2017 letter would reasonably believe that the Debt was accruing interest.

41.  Plaintiff, or the least sophisticated consumer, upon reading all of Defendant's written communication would be unsure of whether or not interest was currently accruing on the Debt.

42.  Plaintiff, or the least sophisticated consumer, upon reading all of Defendant's written communication would be unsure of what the total amount of the Debt is.

43.  Upon information and belief, Defendant's September 24, 2017 letter misrepresented the amount of the Debt by failing to account for accrued interest.

44. On February 2, 2018, Plaintiff, via her attorney, sent Defendant a letter which, among other things, advised Defendant that Plaintiff was represented by counsel.

45. A true and correct copy of the February 2, 2018 letter is attached to this complaint as Exhibit D.

46. Upon information and belief, the February 2, 2018 letter was delivered to Defendant prior to February 20, 2018.

47. Thus, Defendant knew that Plaintiff was represented by an attorney with respect to the Debt.

48. Yet, in connection with the collection of the Debt, Defendant sent Plaintiff a letter dated February 20, 2018.

49. A true and correct copy of Defendant's February 20, 2018 letter is attached to this complaint as Exhibit D.

50. Neither Plaintiff nor Plaintiff's counsel provided Defendant with express permission to communicate directly with Plaintiff regarding the Debt.

51. Upon information and belief, Defendant did not attempt to communicate with Plaintiff's counsel prior to sending the February 20, 2018 letter.

52. Upon information and belief, Defendant did not have the express permission of a court of competent jurisdiction to communicate directly with Plaintiff regarding the Debt.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**

53. Plaintiff repeats and re-alleges each factual allegation above.

54. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff when it knew or should have known that Plaintiff was represented by counsel with respect to the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

55. Plaintiff repeats and re-alleges each factual allegation above.

56. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

57. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

58. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

59. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

# COUNT III
# VIOLATION OF 15 U.S.C. § 1692e(10)

60. Plaintiff repeats and re-alleges each factual allegation above.

61. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

62. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);
   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;
   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);
   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and
   f) Awarding such other and further relief as the Court may deem proper.

# COUNT IV
# VIOLATION OF CAL. CIV. CODE § 1788.14

63. Plaintiff repeats and re-alleges each factual allegation above.

Complaint - 11

64. Defendant violated Cal. Civ. Code § 1788.14(c) by initiating a communication, other than a statement of account, with Plaintiff with regard to the Debt, when Defendant had been previously notified in writing by Plaintiff's attorney that Plaintiff represented by an attorney with respect to the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.14(c);

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and,

f) Awarding such other and further relief as the Court may deem proper.

### COUNT V
### VIOLATION OF CAL. CIV. CODE § 1788.17

65. Plaintiff repeats and re-alleges each factual allegation above.

66. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with § § 1692b-j of the FDCPA.

67. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff when it knew or should have known that Plaintiff was represented by counsel with respect to the Debt.

68. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

69. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

70. By violating §§ 1692c(a)(2), 1692e(2)(A), and 1692e(10) of the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and,

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

71. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 17, 2018

                Respectfully submitted,

                /s/ Elliot Rosenberger
                Elliot Rosenberger (Cal. Bar No. 298837)
                Biletsky Rosenberger
                7080 Hollywood Blvd., Ste. 1100
                Los Angeles, CA 90028
                Telephone: (424) 256-5075
                Facsimile: (866) 317-2674
                er@biletskyrosenberger.com

Co-counsel with Thompson Consumer Law Group, PLLC

                Correspondence address:
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave D106-618
                Mesa, AZ 85206

                Attorneys for Plaintiff